In re AGREE.

(District Court, E. D. Michigan, S. D.    January 18, 1918.)

No. 3782.

BANKRUPTCY ⬥═══387—COMPOSITIONS—RIGHT TO WITHDRAW OFFER.

Bankruptcy Act July 1, 1898, c. 541, § 12, 30 Stat. 549 (Comp. St. 1916, § 9596), declares that a bankrupt may offer terms of composition to his creditors, that an application for confirmation may be filed in the court of bankruptcy after it has been accepted in writing by a majority in number of all creditors whose claims have been allowed which number must represent a majority in amount of such claims, that a date and place with reference to the convenience of the parties in interest shall be fixed for the hearing on such application for the confirmation and such objections as may be made, and that the judge shall confirm a composition if satisfied that it is for the best interests of the creditors, that the bankrupt has not been guilty of any act or failed to perform any of the duties which would be a bar to his discharge, and that the offer and his acceptance are in good faith. Section 13 (Comp. St. 1916, § 9597) declares that the judge may, upon application of the parties in interest, filed at any time within six months after a composition has been confirmed, set the same aside and reinstate the case if it shall be made to appear that fraud was practiced in procuring such composition, and knowledge came to the petitioners since confirmation. After a bankrupt's offer of composition had been accepted by a majority in number and amount of his creditors, and after the consideration to be paid had been deposited and an application for confirmation been filed by the bankrupt, together with one creditor's specifications in opposition, the bankrupt petitioned for leave to withdraw his offer of composition. Held, that as the statute relating thereto makes no provision for withdrawal of an offer of composition, and as the creditors in reliance thereon change their position, permission for a bankrupt to withdraw his offer of composition should be denied, particularly as the contrary rule would tend to waste the time of the bankruptcy court.

In Bankruptcy. In the matter of the bankruptcy of Samuel Agree. On petition by the bankrupt for leave to withdraw an offer of composition. Petition denied.

Finkelston & Lovejoy, of Detroit, Mich., for bankrupt.
Selling & Brand, of Detroit, Mich., for objecting creditor.

TUTTLE, District Judge. This matter comes before the court on a petition by the bankrupt for leave to withdraw an offer of composition made under the terms of section 12 of the Bankruptcy Act. It appears that after the making of this offer, it was accepted by a majority in number and amount of the creditors whose claims had been allowed. The consideration to be paid thereunder had been duly deposited, and an application for a confirmation thereof had been filed by the bankrupt, all as provided in said section 12. It appears, also, that one creditor had filed specifications in opposition to the confirmation of such offer. The bankrupt now seeks permission to withdraw his offer of composition, and another creditor has filed objections to the withdrawal thereof.

The sole question presented is whether under these circumstances the bankrupt should be permitted to withdraw such offer of composi-

⬥═══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tion. The provisions of the Bankruptcy Act relating to the subject of compositions are contained in sections 12 and 13 thereof. Section 12 provides that:

"(a) A bankrupt may offer * * * terms of composition to his creditors. * * *

"(b) An application for the confirmation of a composition may be filed in the court of bankruptcy after, but not before, it has been accepted in writing by a majority in number of all creditors whose claims have been allowed, which number must represent a majority in amount of such claims, and the consideration to be paid by the bankrupt to his creditors, and the money necessary to pay all debts which have priority and the cost of the proceedings, have been deposited in such place as shall be designated by and subject to the order of the judge.

"(c) A date and place, with reference to the convenience of the parties in interest, shall be fixed for the hearing upon each application for the confirmation of a composition, and such objections as may be made to its confirmation.

"(d) The judge shall confirm a composition if satisfied that (1) it is for the best interests of the creditors; (2) the bankrupt has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to his discharge; and (3) the offer and its acceptance are in good faith and have not been made or procured except as herein provided, or by any means, promises, or acts herein forbidden."

Section 13 is as follows:

"The judge may, upon the application of parties in interest filed at any time within six months after a composition has been confirmed, set the same aside and reinstate the case if it shall be made to appear upon a trial that fraud was practiced in the procuring of such composition, and that the knowledge thereof has come to the petitioners since the confirmation of such composition."

It will be noted that the statute makes no provision for a withdrawal of an offer of composition although it provides quite fully the procedure and practice after the filing of such offer. It is therefore at least doubtful whether, in the absence of some such express provision, the right to withdraw such an offer can exist by implication. It is, however, unnecessary to determine this question for the reason that after a careful consideration of the matter I have reached the conclusion that Congress could not have intended to confer such a right as against the objections of interested creditors, at least in the absence of fraud or a showing that such withdrawal is for the best interests of the creditors.

It would, in my opinion, seriously embarrass and interfere with the proper administration of bankrupt estates, and in many cases thwart the purposes underlying the provisions of the Bankruptcy Act relating to compositions, if, after the bankrupt has made an offer and the deposit required by the act, and thereby induced a majority in number and amount of the creditors to accept such offer and perhaps to change their position in reliance thereon, the bankrupt were permitted to then withdraw his offer. A construction of the act which would lead to such a result would enable a bankrupt, not only to trifle with the court and waste the time of its officers, but also to harass or injure creditors relying in good faith upon such offer and their acceptance thereof. If the language of these sections is to be given effect in accordance with

its clearly expressed meaning, the court and creditors have a right to assume that when, as in the present case, an offer of composition has been' made in accordance with the act and the necessary money deposited thereunder, and the requisite majority of creditors have duly accepted such offer and an application for the confirmation of such composition has been filed by the bankrupt, then, as the next step prescribed by section 12, "a date and place  *  *  *  shall be fixed for the hearing upon such application," and "the judge shall confirm" the composition if satisfied that—

"(1) it is for the best interests of the creditors; (2) the bankrupt has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to his discharge; and (3) the offer and its acceptance are in good faith and have not been made or procured except as herein provided or by any means, promises or acts herein forbidden."

It seems clear from a consideration of the language and of the purposes of these provisions that Congress thereby intended that after this offer had been so made and accepted the court should, on the application for confirmation, either reject or confirm the composition on the grounds referred to in the language just quoted. No such grounds are here alleged as a reason for the withdrawal of the composition, the only reason therefor apparently being the fact that a creditor other than the one here objecting to the withdrawal, although represented by the same counsel, has objected to such confirmation. This, of course, is, so far as the creditor here objecting to the withdrawal is concerned, wholly immaterial, and the creditor just referred to cannot be prejudiced or affected by the action on the part of the other creditor mentioned.

No authority has been cited, and I have been able to discover none, precisely in point, as this question appears to have been raised here for the first time. What, however, seems to me to be the same principle was involved in the case of In re Levy (D. C.) 110 Fed. 744. In that case the necessary majority of creditors had accepted an offer of composition, and thereafter some of such creditors asked leave to withdraw their acceptance on the ground that when they signed such acceptance, they were not aware of all the facts in the case. In denying such leave the court said:

"These creditors voluntarily came into court, accepted the proposed composition, and asked the court to act in the matter, and confirm the composition. They procured the court to act, and they are now estopped from interfering with the further conduct of the case in the matter of this composition. Had they alleged fraud or misrepresentation in the procuring of their signatures to the acceptance, the case would be different. They are presumed to have had the same knowledge when they signed as they have now. The application for their withdrawal will be refused, and the court will proceed to pass upon the merits of the proposed composition. If it is not for the best interests of the creditors, it can be shown on the hearing before the referee."

It seems to me that this language is applicable to the present case. If, for the creditors in that case, the bankrupt be substituted, the language correctly states the situation in the present case, and I see no distinction in principle between the two cases, and it seems to me that the rule there followed is equally applicable here. I have carefully

considered all of the contentions so earnestly urged by counsel for the bankrupt, but I am unable to agree with such contentions. It follows that the application for leave to withdraw the offer of composition will be denied, and an order entered in conformity with the terms of this opinion.