### In re BRYER.

(Circuit Court of Appeals, Second Circuit.   May 22, 1922.)

No. 315.

Bankruptcy ⊜⇒387—After acceptance by creditors, bankrupt not entitled to withdraw offer of composition.

After acceptance by creditors under Bankruptcy Law, § 12 (Comp. St. § 9596), but before confirmation, a bankrupt cannot as of right withdraw his offer of composition.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of Harry Bryer, trading as the A. & B. Clothes Shop. On petition to' revise an order of the District Court, confirming the report of a special commissioner, denying the bankrupt leave to withdraw his offer of composition. Order affirmed.

Shaine & Weinrib, of New York City (David W. Kahn, of New York City, of counsel), for petitioner.

Edwin Levisohn and Isidor Niner, both of New York City, for respondents.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

MAYER, Circuit Judge. The sole question presented by this petition to-revise is whether the bankrupt has the right as matter of law to withdraw his offer of composition. The facts follow:

An involuntary petition in bankruptcy was filed against the bankrupt on November 7, 1921, and on November 21, 1921, he was adjudicated a bankrupt. In due course a trustee was appointed, and the bankrupt was examined. Thereafter an offer of composition was made by him pursuant to the statute, and this offer was accepted by a majority in number of the creditors whose claims had been allowed, and that number represented a majority in amount of such claims, as provided and required by section 12b of the Bankruptcy Law (Comp. St. § 9596 [b],). Application was then made to confirm the composition, and upon the return day of such application specifications of objection were filed by creditors. Further proceedings were had, resulting in the filing of amended specifications by one of the objecting creditors, and a hearing was had before a referee in bankruptcy, acting as special commissioner, upon such amended specifications on March 2, 1922. At such hearing an application was made on behalf of the bankrupt for leave to withdraw his offer of composition. Under date of March 6, 1922, the special commissioner held, among other things, that the objecting creditor was entitled then to a determination of the issues raised by his objections against the confirmation of the composition, and that leave should not be given to the bankrupt without the consent of the objecting creditors "to escape a determination of such issues," and thereupon the special commissioner recommended that an order should be made denying the bankrupt's application to withdraw the

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

offer of composition. The matter then came on before the District Judge, who confirmed the report of the special commissioner and ordered that the application by the bankrupt for leave to withdraw the offer of composition be denied, and further ordered that further hearings should be had upon the amended specifications. Thereupon the bankrupt took this petition to revise the order supra, which was dated March 18, 1922.

The bankruptcy statute sets up definite procedure relating to compositions. It recognizes the desirability of a proper composition, but in so doing it has necessarily in view, not only the privilege thus accorded to a bankrupt, but also the rights of creditors, and thus the statute has devised machinery which may be called reciprocal in character. The procedure provided under section 12 of the Bankruptcy Law is necessarily individual to this statute. It is concerned with the rights, not only of those creditors who accept the offer of composition, but with those who affirmatively oppose or decline or quiescently neglect to accept such offer, and even though there is an acceptance by a majority under the provisions of section 12b, it still remains for the judge to be satisfied under section 12d that the composition is for the best interests of the creditors, that the bankrupt has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to his discharge, and that the offer and its acceptance are in good faith, and have not been made or procured except as by the statute provided, or by any means, promises, or acts forbidden by the statute.

As an assurance that the offer of composition, if accepted, will be carried out, the statute also requires an appropriate deposit of money as provided in section 12b. It is significant and important that under section 12a "action upon the petition for adjudication shall be delayed until it shall be determined whether such composition shall be confirmed." Thus the whole status of a proceeding which starts with a petition in bankruptcy is changed by an automatic stay, where the offer of composition is prior to adjudication. Thus, while such stay is operative and the procedure preliminary to final disposition by the judge is going forward, the situation of the estate may have materially changed. The assets of the estate may have become less valuable. Expenses of administration may have accumulated, and indeed do in most instances accumulate, and in some cases, as here, an objecting creditor or creditors may have incurred the expense of opposition, and their counsel may have taken appropriate proceedings to present facts which, if found against the bankrupt, may operate later as a bar to his discharge.

If a bankrupt or an alleged bankrupt sets in motion the procedure under section 12 of the act, and can then at his own whim or upon his own desire withdraw his offer as matter of course, the purpose of the act would be frustrated, and the situation more or less affected and complicated by a change in the status of the estate and in the situation of the creditors. Further, it is known from a practical administration of the act that frequently efforts by creditors to pursue inquiries as to the actions and conduct of a bankrupt cease upon an offer of terms

of composition, and it might well be that witnesses and facts available to creditors would be lost to the creditors in the reliance that the offer must stand, so far as concerns the bankrupt. The court in the case of In re Agree (D. C.) 247 Fed. 590, had in effect before it the question now presented upon this petition to revise, and in a considered opinion pointed out the intent of the statute and called attention to the fact that the statute does not make any provision for the withdrawal of an offer of composition. The same point of view is expressed in a sense conversely in In re Levy (D. C.) 110 Fed. 744.

We do not deem it necessary to hold, as was suggested in Cobb v. First National Bank of Livonia (D. C.) 263 Fed. 1000, that the acceptance of the offer of composition constitutes a contract. We think the solution of the question at bar depends upon the construction of the statute, and we are satisfied that it was not intended that a bankrupt or an alleged bankrupt, as the case might be, should have the right to withdraw his offer of terms of composition, irrespective of the consent of creditors. We are not called upon to decide whether such an application to withdraw may be granted upon notice to all of the creditors, and without objection from them. That case is not before us; but where, as here, there is objection, we hold that the offer cannot as of right be withdrawn by the bankrupt.

Order affirmed, with costs.