## In re BRYER.

### Petition of SNELLENBURG CLOTHING CO.

(Circuit Court of Appeals, Second Circuit. January 24, 1923.)

No. 80.

**1. Bankruptcy ☞447—Order of court held not a violation of mandate.**

An order of the Circuit Court of Appeals, deciding nothing more than that a bankrupt could not as a matter of right, and irrespective of the consent of creditors, withdraw an offer of composition, was not violated by a subsequent order of the District Court, directing a bank to return to the receiver a sum which had been deposited in that bank for the purpose of a composition.

**2. Bankruptcy ☞378—Court may permit receiver to withdraw money advanced for composition.**

Where a composition offer has been made, and money has been deposited in a designated depository for the purpose of a composition, "subject to the further order of the court," the court, on application of the receiver, may order that the money be turned back to him; he representing that there is no possibility of the composition being consummated.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Harry Bryer, trading as the A. & B. Clothes Shop, bankrupt. On petition by the Snellenburg Clothing Company to revise an order of the District Court. Order affirmed.

The petitioner is a copartnership, and is engaged in business in the city of Philadelphia, in the state of Pennsylvania. It is a creditor of the bankrupt, the adjudication of bankruptcy having been made on November 21, 1921.

It appears that the bankrupt after having been examined submitted on December 30, 1921, an offer of composition; and on January 3, 1922, the referee made his certificate of nonconformity, in which he stated that the bankrupt had not conformed to the requirements of the act (Comp. St. §§ 9585–9656), in that he had failed to deposit the consideration to be paid to his creditors, and had failed to file a petition for the confirmation of such composition. Thereafter, but on the same date, there was filed in the office of the referee a certificate of deposit dated January 3, 1922, and made by the Public National Bank of New York as depository. It certified that it had on deposit to the order of the court the sum of $4,000, which it would hold subject to the further order of the court for the purposes of a composition to be offered by the bankrupt to his creditors.

Simultaneously with the filing of the certificate of deposit above referred to there was filed in the office of the referee the bankrupt's petition to confirm the composition and an order was issued returnable January 4, 1922, requiring creditors to show cause why such offer of composition should not be confirmed. Thereafter specifications of objection were filed by the petitioner and various other creditors and the same were referred to the referee as a special commissioner for examination, testimony, and report. On February 2, 1922, the special commissioner filed his report and recommended that the composition be not confirmed. On March 2, 1922, the bankrupt appeared and asked leave to withdraw the offer of composition. On March 9, 1922, the referee filed an interim report, recommending that the bankrupt's application to withdraw the offer of composition be denied.

On March 18, 1922, the District Judge confirmed the report, and denied the bankrupt's application to withdraw his offer of composition, and directed that

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the proceedings on the composition be continued. The bankrupt brought the matter to this court upon a petition to revise, and this court affirmed the order of the District Judge in an opinion which is found in 281 Fed. 812. Thereafter the receiver for the bankrupt, representing that there was no possibility of the composition being consummated, made an ex parte application for an order directing the Public National Bank to turn over to the receiver the $4,000, with interest, that amount being the fund placed on deposit as above mentioned; and without notice an order was on June 5, 1922, entered in the District Court directing the Public National Bank to pay to the receiver the sum of $4,000, together with the accrued interest. Subsequently an order was obtained to show cause why the above order should not be vacated. On the return day the motion to vacate the order of June 5th was in all respects denied. It is claimed that error was committed in denying the motion to vacate the order of June 5, 1922.

Levisohn & Niner, of New York City (Edwin Levisohn, of New York City, of counsel), for petitioner.

Zalkin & Cohen, of New York City (Lewis H. Saper, of New York City, of counsel), for receiver.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

ROGERS, Circuit Judge (after stating the facts as above). When this case was before this court before (281 Fed. 812), the sole question presented was whether the bankrupt, who had made an offer of composition, had the right as matter of law to withdraw his offer of composition. We then declared that the solution of the question then presented depended upon the construction of the statute, and we said that we were satisfied that the statute did not intend that a bankrupt, or an alleged bankrupt, should have the right to withdraw his offer of terms of composition, irrespective of the consent of creditors. That was the only question before us, and it was the only question we expressed any opinion upon.

[1] Counsel for the petitioner seems to think that the order of June 5, 1922, which directed the Public National Bank to return to the receiver the sum of $4,000, with accrued interest, which had been deposited in that bank for the purpose of a composition and "subject to the further order of the court," constituted in some way a violation of the order and mandate of this court. But in this he totally misapprehends what this court decided. We decided nothing more than that a bankrupt could not, as matter of right and irrespective of the consent of creditors, withdraw an offer of composition.

[2] The question which is now raised is a totally different one. We are now in effect asked to hold that, where a composition offer has been made, and money has been deposited in a designated depository for the purposes of a composition, and which money is held "subject to the further order of the court," the party who furnished the composition money cannot be permitted by the District Court to withdraw the money that he advanced. The order of June 5th did not require the composition money to be paid to the bankrupt. The application for the order was made by the receiver, who prayed that the money should be turned back to him; he representing that there was no possibility of the composition being consummated.

It does not appear why or how the receiver had furnished this $4,-000. The presumption would seem to be that the District Court permitted him to furnish it. There certainly is no reason known to us which prevents that court from permitting him to take it back into his possession, at least when it appears to the satisfaction of the court that the composition was not to be consummated. As it appears to us there is nothing in the statute, or in the adjudicated cases, or in any principle of law with which we are familiar, which supports the claim that the motion to vacate the order should have been granted.

The order is affirmed.