## In re REALTY ASSOCIATES SECURITIES CORPORATION.

## REALTY ASSOCIATES SECURITIES CORPORATION et al. v. NEW-MAN & BISCO et al.

### No. 311.

Circuit Court of Appeals, Second Circuit.

Feb. 13, 1934.

Alfred T. Davison, of New York City (Orrin G. Judd and Alfred T. Davison, both of New York City, of counsel), for appellant bankrupt.

James N. Rosenberg, of New York City, for Realty Associates, Inc.

Schiff, Dorfman & Stein, of New York City (Archibald Palmer, Jacob R. Schiff, Samuel Chess, and Samuel W. Dorfman, all of New York City, of counsel), for appellants Bondholders' Committee of which J. Lester Fierman is Chairman, and for themselves in person.

Colby, Brown & Pollack, of New York City (Edward D. Brown and Edgar A. Pollack, both of New York City, of counsel), for appellants Bondholders' Committee of which William E. Kennedy, Jr., is Chairman, and themselves in person.

William R. Bayes, of New York City, for Frederick S. Robinson Committee and counsel.

Samuel M. Brook, of New York City, for appellees Homer E. Palmer, Charles Gidanski, and Solomon Noveck.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The Realty Associates Securities Corporation, adjudged a bankrupt July 10, 1933, appeals from an order made below in so far as it remits to the referee in bankruptcy a composition proposed, with instructions to ascertain and report whether a majority in

number and amount of its creditors, whose claims have been allowed, will accept the composition with the agreement of the bankrupt to pay "such compensation and expenses of the three bondholders' committees, of which William E. Kennedy, Jr., J. Lester Fierman, and Frederick S. Robinson are respectively chairmen, and such fees and disbursements of their respective counsel, including counsel for the Manufacturers' Trust Company, in such amounts as the court may fix or approve," eliminated from such offer and with modification of the terms of the agreement, if any, which the bankrupt may propose. The other appellants have been awarded compensation for services and expenses by the referee under a stipulation contained in the composition proposed, reading: "The Company agrees to pay all expenses of administration and of the composition, together with such compensation and expenses" of the three bondholders' committees "and such fees and disbursements of their respective counsel including counsel for the Manufacturers' Trust Company, in such amounts as the Court may fix or approve."

The court held that, since the composition allowances, by the referee in bankruptcy, to such committees and their counsel, including the attorneys for the Manufacturers' Trust Company, trustee under an indenture, could not be approved, the remainder of the composition could not be confirmed, at least without the approval thereof by the creditors. The court stated: "So far as appears in this matter, what was done was done in the open and there was no concealment, and from a careful examination of the offer, and knowledge of the losses which would be attendant upon a liquidation of the very large quantity of the assets of the bankrupt, consisting of first and second mortgages, from a financial standpoint, it seems to me that the offer is in the best interest of the creditors."

On November 8, 1933, the composition offer was accepted by a majority in number of all creditors whose claims have been allowed and this constituted a majority in amount of such claims. Holders of about $70,000 of bonds voted against the offer. The indebtedness of the corporation was $12,800,206, of which all but $3,500 was based on bonds held by over 3,000 bondholders. A sufficient deposit was made with the clerk of the court as required by section 12 of the act (11 USCA § 30). A full hearing was granted to objecting creditors. A group of creditors filed specifications of objections. The composition agreement leaves the fixing of costs, expenses, and counsel fees to the court.

The referee in bankruptcy after full hearing recommended the allowance of about $75,000 to the committees above referred to and their counsel, and, as stated, this the court declined to confirm. The record does not disclose that there were three kinds of bonds or the need for three committees of bondholders nor does it appear that the bondholders' committees were helpful in assisting the receiver in collecting assets or managing the estate or that the receiver in any way contracted for their services.

The Bankruptcy Act carefully regulates the compensation and expenses which may be allowed in bankruptcy. Section 62 (11 USCA § 102) allows actual and necessary expenses of officers when reported under oath and approved by the court. Section 64b (11 USCA § 104 (b) gives priority to actual and necessary cost of preserving the estate and to cost of administration including one reasonable attorney's fee for petitioning creditors and for the bankrupt in a limited class of cases. Matter of Evenod Perfumer, Inc., 67 F.(2d) 878 (C. C. A. 2). No provision is made in bankruptcy for payment of compensation or expenses to creditors or creditors' committees or their counsel in instances of ordinary bankruptcy administration. In composition formerly even creditors who defeated a composition were not allowed expenses. In re Kinnane's Co. Estate, 242 F. 769 (C. C. A. 6). But section 64b was amended in 1926, by adding two new subdivisions. Subdivision (4), 11 USCA § 104 (b) (4), allows reasonable expenses, in the court's discretion, to creditors successfully opposing a composition. Compare Remington on Bankruptcy, § 3138, and Colin, "1926 Amendments to the Bankruptcy Act," 26 Columbia Law Review, 788, 803. Section 72 (11 USCA § 112) provides that neither referee, receiver, marshal, nor trustee shall be allowed, in any form or guise, any compensation other than prescribed in the act. There is no provision for compensation to creditors or attorneys favoring a composition found in the Bankruptcy Act or Supreme Court General Orders. There is a provision, section 77 (c) (8), 11 USCA § 205 (c) (8), applicable to interstate railroads, providing that the court may, within a maximum fixed by the Interstate Commerce Commission, allow reasonable compensation for services rendered by creditors' committees and their attorneys. But section 74 (11 USCA § 202) applicable to persons other than corporations, contains a provision, section 74 (g) (4), 11 USCA § 202 (g) (4) similar to the general provision, section 12d (3), 11 USCA 30 (d) (3). Nothing in the amend-

ments, §§ 74, 77 (11 USCA §§ 202, 205) suggests authority to allow such compensation under the generally applicable provisions of the act.

■■ The general policy of the act denies compensation unless expressly provided. Nisonoff v. Irving Trust Co., 68 F.(2d) 32 (C. C. A. 2). This, together with the absence of any provision for compensation to creditors supporting a composition, and strong inference against them to be drawn from section 64b (4), 11 USCA § 104 (b) (4), granting expenses to creditors opposing composition, requires a denial of compensation unless under the act and the decisions of the courts composition is different from ordinary administration in bankruptcy and a different policy should prevail.

Compositions and their affirmances are regulated completely by section 12 of the act. Section 12b, 11 USCA § 30 (b), requires the consideration to be paid the creditors and the money necessary to pay all debts which have priority and the cost of the proceedings to be deposited as the court shall require. It does not state what are these debts and costs. Generally such debts are taxes, and similar claims and costs are the statutory fees as in the ordinary administration. Remington, §§ 3086, 3091, 3137, 3139. But there is no authority in the act supporting the allowance made here as prior debts or costs within section 12b, 11 USCA § 30 (b). While, in some respects, composition and ordinary bankruptcy administrations differ [Myers v. International Trust Co., 273 U. S. 380, 47 S. Ct. 372, 71 L. Ed. 692; Nassau Smelting Works v. Brightwood Co., 265 U. S. 269, 44 S. Ct. 506, 68 L. Ed. 1013; Cumberland Glass Co. v. De Witt, 237 U. S. 447, 35 S. Ct. 636, 59 L. Ed. 1042; Zavelo v. Reeves, 227 U. S. 625, 33 S. Ct. 365, 57 L. Ed. 676, Ann. Cas. 1914D, 664; In re Hollis Lumber Co., 55 F.(2d) 898 (C. C. A. 2); In re Mirsky & Co., 32 F.(2d) 676 (C. C. A. 2); In re Batterman Co., 231 F. 699 (C. C. A. 2)], still composition is a settlement of the bankrupt with his creditors. Where there is an adjudication, the theory of composition is different from the ordinary administration where the bankrupt estate is distributed to creditors after payment of prior debts under section 64 of the act (11 USCA § 104). In composition there is distributed not the bankrupt's "estate," but a fund required by section 12 consisting of the consideration for creditors and the money necessary to pay prior debts and costs. Nassau Smelting Works v. Bright-

wood Co., 265 U. S. 269, 273, 44 S. Ct. 506, 68 L. Ed. 1013. The rights of each creditor are fixed by the terms of the debtor's offer subject only to its affirmance and the judge's order of distribution. In practice the amount of the fund is determined by the amount of the bankrupt's estate, but, instead of the assets of the bankrupt's estate, the fund may consist of cash or other property borrowed on the security of the estate or on the credit of the bankrupt. Zavelo v. Reeves, 227 U. S. 625, 632, 33 S. Ct. 365, 57 L. Ed. 676, Ann. Cas. 1914D, 664. If the composition fails, the fund is returned. In re Bryer, 287 F. 123 (C. C. A. 2). In the instant case, 85 per cent. of the consideration for creditors consisted of modified bonds of the bankrupt. There is nothing in the theory of a composition, which must be confirmed under section 12, which would take it out of the general policy of the act, either as to counsel fees or compensation of committees.

General Order 41 of the Supreme Court (11 USCA § 53) provides that, before confirmation of the composition, the court shall require an affidavit that the bankrupt has not "directly or indirectly paid or promised any consideration to any attorney, trustee, receiver, creditor, or other person in connection with the proceedings except as set forth in such affidavit or in the offer of composition or extension, and that he has no knowledge of any such payment or promise by any other party," and indicates that the court shall be fully informed to the end that there shall be equality of payment among creditors. The courts are solicitous to guard such equality. Bankruptcy Rule 11 of the Eastern District of New York contains a similar provision. In order that all creditors may judge the merits of an offer without possibility of secret preferences, these rules require full disclosure of the plan of composition, and from them we cannot infer authority to approve such allowances as were made here under the composition agreement proposed. The rules tell the procedure to be followed, and, where the court has authority to confirm compositions, it must do so in accordance with the rules of court.

The authorities do not support the appellant's claim for granting the allowances made here. A reasonable attorney's fee agreed to be paid by the bankrupt to his attorney may not be reduced by the court in some circumstances as where composition has been confirmed and no creditor objects to the fee and where it appears that it is not being paid out

of the bankrupt's estate. In re Hollis Lumber Co., 55 F.(2d) 898, 899 (C. C. A. 2). There we relied upon the analogy from the rule in ordinary bankruptcy administration where the courts refuse to undertake the task of fixing the charges for bankrupt's attorneys for services not in aid of the administration of the estate and not to be paid out of the estate. We said: "If the amount is too large, the court may require an amended offer to the extent that it is excessive, with the thought that the excessive amount be distributed to creditors." No creditor objected, the composition had been affirmed, and there was no apparent reason to interfere. In the case of In re Siegel, 256 F. 226 (C. C. A. 2), we determined that, if an offer including such an allowance is confirmed, the bankruptcy court loses jurisdiction and cannot thereafter disallow the compensation. But nothing said there justifies allowances such as are made here to committees and their counsel. To permit these allowances to be paid out of the composition fund or by the bankrupt would improperly favor some creditors and pro tanto defeat the act's and the court's purpose of equality. In re Siegel (D. C.) 252 F. 197; In re M. & H. Gordon (D. C.) 245 F. 905.

Finding no authority in the act to make an allowance to any of the committees or their counsel, who have appealed in the instant case, the court was required to remit the composition for the further consideration of the creditors. If the composition was now approved, without the allowances, the creditors might well say that they were obliged to pay for their legal services for which the bankrupt had promised compensation and that thereby inequalities were practiced upon them. Moreover, the amount allowed, whether in the bankrupt's possession or to be taken out of its funds, might well be used in increasing the cash offer. In re Hollis Lumber Co., supra.

Were it within the court's power to confirm this composition, first striking out the allowances, these inequalities would prevail if such a course were followed. The sum of all the allowances, which must be disallowed, would be returned to the bankrupt if the composition as modified be approved. The court below properly remitted the proceeding to the referee in bankruptcy for further consideration by the creditors. The creditors will be advised that none of the allowances and expenses allowed by the referee to the respective appellants will be approved as lawful payments.

Order affirmed.