**In re FAOUR et al.**

District Court, S. D. New York.
March 30, 1935.

Oppenheimer, Haiblum & Kupfer, of New York City, for receiver, Irving Trust Co.

David Haar, of New York City, for Creditors Committee.

COXE, District Judge.

This is a proceeding for a composition or extension under section 74 of the Bankruptcy Act, as amended (11 USCA § 202), and various applications have been made for allowances to be paid from the general estate. The referee has recommended partial or interim allowances to the receiver, the attorneys for the receiver, and the attorneys for the debtors, but has refused, for lack of power, to make recommendations with respect to allowances requested by attorneys for the different creditors' committees.

The proposed plan of composition contemplates the prompt liquidation of the assets of the debtors, other than the remaining real estate, and the distribution of the net proceeds among the creditors; it also provides for the organization of a new corporation to hold and manage the remaining real estate in the interest of the creditors until such time as the various parcels may be advantageously disposed of.

The estate has sufficient funds at the present time to provide for all reasonable allowances which may properly be made, and I can see no good reason for deferring the payment of any of these administration expenses until some future date. Nor do I think it advisable for the court to continue to exercise control or supervision of the properties for any purpose after the proceeding has been terminated and the new corporation has commenced to function.

With respect to the attorneys for the creditors' committees, I agree with the referee that there is no authority under section 74, as amended, to grant allowances to them for services rendered in the proceeding. In the Realty Associates Securities Corp. Case (C. C. A.) 69 F.(2d) 41, it was held squarely that in ordinary composition proceedings, attorneys for committees could not be compensated from the general estate; and section 74, subdivision (m), as amended, 11 USCA § 202 (m), expressly provides that the unaffected portions of the Bankruptcy Act shall be applicable to proceedings under that section. I can see no escape, therefore, from the conclusion that there is no authority in proceedings under section 74 to grant allowances from the general estate to attorneys for creditors' committees; and this view is reinforced by the inclusion in section 77B of provisions conferring express power to make such allowances in cases of corporate reorganization. Section 77B, subdivision (c) (9), 11 USCA § 207 (c) (9). It can make no difference, either, that the services benefited the estate, or were rendered at the request of the receiver, as none of the attorneys can qualify under the present rules for compensation for services rendered under the circumstances disclosed by the petitions. In re Eureka Co. (C. C. A.) 48 F.(2d) 95.

The ruling of the referee in refusing to recommend allowances to the attorneys for the different creditors' committees is approved; and the report is remitted to the referee for further consideration and recommendation as to the final allowances to be paid the receiver, the attorneys for the receiver, and the attorneys for the debtors.