In re PARAMOUNT PUBLIX CORPORATION.

ZIRN v. PARAMOUNT PICTURES, Inc.

No. 427.

Circuit Court of Appeals, Second Circuit.

Sept. 16, 1936.

Samuel Zirn, of New York City, pro se (Adolph Feldblum and Samuel Zirn, both of New York City, of counsel), for appellant.

Simpson, Thacher & Bartlett, of New York City (Thomas D. Thacher and Richard Jones, 3d, both of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from an order denying the petition of Samuel Zirn for an allowance of $75,000 for legal services rendered in connection with his representation of certain debenture holders of Paramount Publix Corporation, who held claims said to amount to nearly $200,000, and for reimbursement of $1,207.09 of incidental expenditures. The services were rendered in the equity suit, the original bankruptcy proceeding, and in the present proceeding begun under section 77B (11 U.S.C.A. § 207) for the reorganization of the company. They in general consisted of attempting to eliminate the equity receivership on the ground that Paramount was insolvent, of forwarding the involuntary bankruptcy proceeding and opposing the one that was voluntary, and challenging the election of the trustees as well as applying for a writ of prohibition. Appellant contends that through his efforts the equity receivership was abandoned and preferential payments to banks which might have been unassailable, had no bankruptcy proceeding been instituted within four months of the payments, were largely avoided. He also says that he constantly pressed the institution of actions against the directors of Paramount, because of their negligence and wrongful acts, opposed large allowances that were applied for, and in the plan of reorganization secured the reduction of interest charged by the banks from 6 per cent. to 5 per cent.

■ There can be no doubt that the appellant could not properly be allowed compensation for services in connection with the equity and original bankruptcy proceedings. In re New York Investors (C. C.A.) 79 F.(2d) 182, 186, certiorari denied Endelman v. Reconstruction Finance Corp., 296 U.S. 649, 56 S.Ct. 308, 80 L. Ed. 462; In re Realty Associates Securities Corporation (C.C.A.) 69 F.(2d) 41, certiorari denied Bondholders' Committee v. Realty Associates Securities Corp., 292 U.S. 628, 54 S.Ct. 631, 78 L.Ed. 1482. By opposing applications for undue allowances in these proceedings, attacking the equity receivership, and advocating administration in bankruptcy, in order to limit the extent of proof of landlords' claims, the appellant did not bring assets into the estate or augment it in a sense which would entitle him to compensation from it unless he was definitely acting as the representative of a class of creditors or stockholders. Furthermore, it does not appear that he instituted the involuntary proceeding in bankruptcy, and the final adjudication was entered on the voluntary petition of the debtor.

■ For the reasons we have given in our opinion on the appeal of Archibald Palmer (In re Paramount Publix Corp.), 85 F. (2d) 588, filed herewith, Mr. Zirn cannot obtain compensation under section 77B for services in connection with the proceeding and the plan. Two creditors' committees were organized to protect the debenture holders and the value of their services was recognized in allowances fixed by the court. No grounds have been shown for additional representation of the debenture holders sufficient to justify compensation out of the general estate. Even if appellant's services were in some instances of benefit to it, that fact in itself furnishes no sufficient ground for an allowance. There must be proof, which is entirely lacking, that other agencies, such as the trustees, the debtor, and the representative committees, were inadequate and that he was entitled further to represent the debenture holders as a class. In no proper sense did appellant's proceedings assume the attributes of a class suit. It may be added that nearly all of his numerous applications to the District Court and to this court proved unsuccessful.

Order affirmed.