## In re CAPITOL CHIP CO., Debtor.

### Bankruptcy No. 79–00331.

United States Bankruptcy Court,
D. Hawaii.

March 26, 1982.

---

Michael Yoshida, Honolulu, Hawaii, for Trustee.

Alan Goda, Honolulu, Hawaii, for Cred. Comm.

## ORDER GRANTING INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR COUNSEL FOR CREDITORS' COMMITTEE

JON J. CHINEN, Bankruptcy Judge.

On November 14, 1980, the law firm of Kobayashi, Watanabe, Sugita & Kawashima, hereafter "Applicant", filed an application for interim compensation as attorneys for the Official Creditors' Committee. A hearing was held on December 9, 1980, at which time the Court requested detailed time sheets to be filed. On July 6, 1981 and November 9, 1981, Applicant filed its amended applications.

Applicant seeks compensation for legal services rendered to the Creditors' Committee during the period from January 29, 1980 through August 22, 1980, while this proceeding was under Chapter XI, and also during the period from August 26, 1980 to June 22, 1981, after the Debtor was adjudicated under Chapter VII. Applicant requests compensation in the amount of $12,099.00, plus Hawaii general excise tax of $483.96 and costs of $114.81, for a total amount of $12,697.77.

The Bankruptcy Act carefully regulates the compensation and expenses which may be allowed in bankruptcy. The general policy of the Act denies compensation unless expressly provided. As a general rule attorneys for creditors or creditors' committees may look to the estate for compensation only as to a very limited number of services. Among the services entitled to compensation are those in connection with recovery of concealed or transferred assets, with successful opposition to or setting aside of a discharge, with adducing evidence resulting in conviction of an offense, or with successfully opposing a composition. The prevailing view is stated in *In re Realty Associates Securities Corp.*, 69 F.2d 41

(2d Cir. 1934) *cert. denied*, 292 U.S. 628, 54 S.Ct. 631, 78 L.Ed. 1482 (1934) as follows:

> No provision is made in bankruptcy for payment of compensation or expenses to creditors or creditors' committees or their counsel in instances of ordinary bankruptcy administration. *Id.* at 42.

■ In the instant case, the Court finds that Applicant is entitled to reasonable compensation for the services rendered during the Chapter XI proceedings which were beneficial in the administration of the estate. Under Bankruptcy Rule 11–29(c), the court has the discretion to award compensation for services rendered by the attorneys for a creditors' committee. Section 339(2) of the Bankruptcy Act (11 U.S.C. § 739(2)) allows for recovery of expenses for attorneys of creditors' committee in an arrangement proceeding. This section specifically predicates compensation on confirmation of the arrangement. In *In re Johnson*, 479 F.2d 47 (9th Cir. 1973), the court disallowed an award of attorneys' fees for a creditors' committee where the Chapter XI arrangement proceeding was dismissed and adjudication followed. Since the proposed Chapter XI arrangement was not confirmed, the court concluded that compensation had to be denied under Section 339(2).

In this case the Debtor filed a proposed plan of arrangement on April 11, 1980. At the confirmation hearing on August 14, 1980, the Debtor moved for adjudication because a fire at the business premises made it very difficult for Debtor to continue in operation. Although there was no confirmation, the Court finds that the fire prevented eventual confirmation of the plan, therefore, the Applicant should be entitled to reasonable compensation for the work prior to that time.

■ On the other hand, the Court finds that the services provided by Applicant in the Chapter VII proceedings are not entitled to compensation out of the estate. The services rendered after August 22, 1980, consisted primarily of keeping the creditors informed of the status of the case, discussions with the Trustee regarding the sale of assets, reviewing various documents and attending creditors' committee meetings. These services are considered to be rendered on behalf of the creditors only and no allowance for compensation may be made out of the bankrupt estate. No provision of the Bankruptcy Act grants an allowance against the estate for such services.

In *Castle Cotton Mills Co. v. Gardner*, 207 F.2d 690 (9th Cir. 1953), the Court of Appeals stated that following adjudication of the bankrupt,

> The property of the bankrupt is seized and administered thereafter by the trustee in bankruptcy for the benefit of all creditors and not the small minimum of petitioning creditors. . . . The trustee in bankruptcy employs counsel of his own choosing to assist him in the administration of the estate. *Id.* at 692.

■ Thus, orderly bankruptcy procedure requires that the trustee, and not the creditors, take the appropriate action for the common benefit of all creditors. 3A *Collier on Bankruptcy* ¶ 62.29[3] at 1583 (14th ed. 1980).

Upon careful review of the record and the amended application for the period prior to adjudication, the Court has determined that the following deductions and adjustments be made for the reasons set forth below.

| Date | Attorney | Deduction | Reason |
| --- | --- | --- | --- |
| 1/29/80 | LHH | .7 | Insufficient explanation |
| 2/13/80 | BAK | 1.4 | Excessive time spent on drafting application for employment |
| 5/22/80 | BAK | 1.5 | Unnecessary since order authorizing employment entered on March 3, 1980 |
| 7/7/80 | AMG | .4 | Insufficient explanation |
| 7/18/80 | AMG | .2 | Fails to state with whom and subject matter |
| 8/20/80 | BAK | 1.5 | Matter of fee application; Filing nonprofessional services |

The Court finds that telephone conversations are routinely charged at .3 hour or .4 hour. The Court finds that eighteen minutes per telephone conversation is excessive and deducts .10 hour, unless the subject matter of the conversation reasonably justifies the time charged. Likewise for telephone conversations which are 24 minutes long (.4 hour), the Court deducts .2 hour. Therefore, the following amounts are deducted for excessive telephone calls:

Alan M. Goda

| 26 .3 hour call × .10 hour deduction | = | 2.60 hours |
|---|---|---|
| 7 .4 hour call × .20 hour deduction | = | 1.40 hours |
| Total deducted | | 4.00 hours |

Based on the foregoing, the Court finds that Applicant is entitled to the following compensation for services rendered during the Chapter XI proceedings:

Alan M. Goda

| 54.70 hours × $85 per hour | = | $4,649.50 |
|---|---|---|

Jeffrey N. Watanabe

| 1.00 hours × $85 per hour | = | 85.00 |
|---|---|---|

Benjamin A. Kudo

| 18.00 hours × $75 per hour | = | $1,350.00 |
|---|---|---|
| Total | | $6,084.50 |
| 4% general excise tax | | 243.38 |
| | | $6,327.88 |

Having been earlier awarded the amount $1,131.00 as interim compensation, Applicant is entitled to a balance in the amount of $5,196.88.

The Court also awards $110.58 for the reimbursement of expenses to Applicant. The balance requested for costs will be denied at this time for lack of substantiation or explanation.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Applicant is awarded the total sum of $5,196.88 as compensation, including the general excise tax, and the sum of $110.58 for reimbursement of expenses to be paid by the estate.