# ZAVELO v. REEVES.

**ERROR TO THE SUPREME COURT OF THE STATE OF ALABAMA.**

No. 299. Argued January 7, 1913.—Decided February 24, 1913.

In the absence of any proof to that effect in the record, a promise by the bankrupt made between the petition and the discharge to pay the balance of his provable debt to one of his creditors who advanced money to enable him to effect a composition without obtaining any undue preference over the other creditors, will not be regarded as an act of extortion or attempted extortion in violation of § 29b 5. of the Bankruptcy Act, prohibiting acting or forbearing to act in bankruptcy proceedings.

A discharge, while releasing the bankrupt from legal liability to pay a provable debt, leaves him under a moral obligation that is sufficient to support a new promise to pay it.

The theory of bankruptcy is that the discharge does not destroy the debt but does destroy the remedy.

As a general rule, the discharge when granted relates back to the inception of the proceeding, and the bankrupt becomes a free man as to new transactions as of the date of the transfer of his property to the trustee.

This court by promulgating General Orders and Forms in Bankruptcy construed § 63a 4 as confining the discharge to provable debts existing on the day of the petition and having it relate back thereto.

Under the Bankruptcy Act of 1898 an express promise to pay a provable debt is good although made after the petition and before the discharge.

Obligations created after the filing of the petition and before the discharge are not provable under § 63 and therefore are not included in the discharge.

As § 12 of the Bankruptcy Act requires that money for effecting the composition be deposited before the application to authorize it, it contemplates that the bankrupt may acquire such money by use of his credit.

171 Alabama, 401, affirmed.

THE facts, which involve the validity of an express promise by the bankrupt to pay a provable debt made after the petition and before the discharge, are stated in the opinion.

*Mr. Oscar R. Hundley* for plaintiff in error submitted.

*Mr. Samuel A. Putman* for defendants in error.

MR. JUSTICE PITNEY delivered the opinion of the court.

Defendants in error sued plaintiff in error November 22, 1907, in the City Court of Birmingham, Alabama, declaring upon the common counts for moneys due December 10, 1906, and February 19, 1906, and by an amendment declared upon a promissory note for about $250 which was a part of a claim of the defendants in error that antedated the bankruptcy of the plaintiff in error. The defendant (now plaintiff in error) pleaded that on November 22, 1905, he filed in the District Court of the United States

for the Northern District of Alabama, his petition in bankruptcy; that said court had jurisdiction of said bankruptcy proceedings, and duly adjudicated him a bankrupt on that date; that subsequently he offered a composition to his creditors, and the offer was accepted and a composition made in said proceedings and duly confirmed by said District Court February 6, 1906, a certified copy of the decree of confirmation being attached to and made a part of the plea; that the plaintiffs were then creditors of the bankrupt, and as such accepted the offer of composition and were paid a dividend thereon; that the claim sued on herein is a part of and was included in said claim on which said dividend was paid, and the claim herein is barred by said proceedings and discharged by said composition. The plaintiffs replied, (a) that on January 1, 1906 (which date was after the adjudication and before the discharge), defendant promised that if plaintiffs would lend him $500 for use in paying the consideration of a composition with his creditors in said bankruptcy proceedings, he, defendant, when said composition was confirmed, would pay plaintiffs the balance of the demand sued on, after deducting therefrom plaintiffs' share of the consideration of such composition; and plaintiffs averred that they accepted defendant's said offer and promise, and did so lend him the said sum of $500 for the said purpose; and (b) for further replication, that after the filing of defendant's said petition in bankruptcy, and after he had been adjudged a bankrupt, defendant promised plaintiffs that he would pay what he owed them, being the same demand sued on herein, when his composition in bankruptcy was confirmed; and that plaintiffs accepted said promise. To these replications the defendant demurred. The City Court overruled the demurrers and proceeded to a trial of the issues of fact, which resulted in favor of the plaintiffs upon both the common counts and the note. The defendant appealed

to the Supreme Court of Alabama, which affirmed the judgment. 171 Alabama, 401... Whereupon he sued out the present writ of error.

The case is brought here under § 709, Rev. Stat., the contention being that a right or immunity set up and claimed by the plaintiff in error under the Federal Bankruptcy Act was denied by the state court. See *Linton* v. *Stanton*, 12 How. 423; *Mays* v. *Fritton*, 131 U. S., Appendix cxiv; *Hill* v. *Harding*, 107 U. S. 631; *Rector* v. *City Deposit Bank*, 200 U. S. 405.

It is not contended that the record imports a secret or fraudulent agreement between the bankrupt and the plaintiffs at the expense of other creditors. The state court construed the replications as not averring secrecy or fraud, saying (171 Alabama, 408)—"That an advantage accrued to plaintiffs as the result of the loan is true; but that it came as a result of fraud, collusion, or extortion, cannot be read from these replications. On the contrary, the advantage, so far as the pleadings show, was the result of the advancement made by way of the loan described. There is nothing in the replications on which to rest a conclusion that anything other than the loan induced the promise relied on for recovery here."

This construction of the pleadings is not disputed here. We therefore are not in this case concerned with the general equitable principle that composition agreements are invalid if based upon or procured by a secret arrangement with one or more favored creditors, in violation of the equality and reciprocity upon which such an agreement is avowedly based. Story Eq. Jurisp. (9th ed.), §§ 378, 379; *Clarke* v. *White*, 12 Pet. 178, 199; *Wood* v. *Barker*, L. R. 1 Eq. 139; *McKewan* v. *Sanderson*, L. R. 20 Eq. 65; *Bissell* v. *Jones*, L. R. 4 Q. B. 49; *Ex parte Nicholson*, L. R. 5 Ch. App. 332; *Crossley* v. *Moore*, 40 N. J. L. 27, 34; *Feldman* v. *Gamble*, 26 N. J. Eq. 494; *Dicks* v. *Andrews*, 132 Georgia, 601, 604.

Of the questions raised, only three deserve notice.

(1) It is contended that the transaction set up in the former of the two replications mentioned was in violation of the prohibition of § 29b 5 of the Bankruptcy Act (30 Stat., c. 541, pp. 544, 455), which declares that—"A person shall be punished, by imprisonment for a period not to exceed two years, upon conviction of the offense of having knowingly and fraudulently . . . extorted or attempted to extort any money or property from any person as a consideration for acting or forbearing to act in bankruptcy proceedings." It is sufficient to say that we are unable to see in this record anything of extortion or attempted extortion.

(2) It is contended as to both replications that although a debt barred by discharge in bankruptcy may be revived by a new promise made after the discharge, this cannot be done by a new promise made in the interim between the adjudication and the discharge.

It is settled, however, that a discharge, while releasing the bankrupt from legal liability to pay a debt that was provable in the bankruptcy, leaves him under a moral obligation that is sufficient to support a new promise to pay the debt. And in reason, as well as by the greater weight of authority, the date of the new promise is immaterial. The theory is that the discharge destroys the remedy but not the indebtedness; that, generally speaking, it relates to the inception of the proceedings, and the transfer of the bankrupt's estate for the benefit of creditors takes effect as of the same time; that the bankrupt becomes a free man from the time to which the discharge relates, and is as competent to bind himself by a promise to pay an antecedent obligation, which otherwise would not be actionable because of the discharge, as he is to enter into any new engagement. And so, under other bankrupt acts, it has been commonly held that a promise to pay a provable debt, notwithstanding the discharge,

is as effectual when made after the filing of the petition
and before the discharge as if made after the discharge.
*Kirkpatrick* v. *Tattersall*, 13 M. & W. 766; *Otis* v. *Gazlin*,
31 Maine, 567; *Hornthal* v. *McRae*, 67 Nor. Car. 21; *Fraley*
v. *Kelley*, 67 Nor. Car. 78; *Hill* v. *Trainer*, 49 Wisconsin,
537; *Knapp* v. *Hoyt*, 57 Iowa, 591; 42 Am. Rep. 59; *Lanagin*
v. *Nowland*, 44 Arkansas, 84; *Wiggin* v. *Hodgdon*, 63 N. H.
39; *Griel* v. *Solomon*, 82 Alabama, 85; *Jersey City Ins. Co.*
v. *Archer*, 122 N. Y. 376.

Our attention is not called to any decision in point
arising under the present Bankruptcy Act; but we deem it
clear that the same rule should be applied. If there is any
distinction between this and former acts that would re-
quire a different rule, it must arise from the time to which
the discharge is made to relate. As to this, § 17 of the
act of 1898 declares that—"A discharge in bankruptcy
shall release a bankrupt from all his provable debts,"
with certain exceptions not now pertinent. For the
definition of "provable debts" we are referred to § 63,
which is set forth in full in the margin.[1] Of the several

---

[1] SEC. 63. DEBTS WHICH MAY BE PROVED.—*a.* Debts of the bankrupt
may be proved and allowed against his estate which are (1) a fixed lia-
bility, as evidenced by a judgment or an instrument in writing, ab-
solutely owing at the time of the filing of the petition against him,
whether then payable or not, with any interest thereon which would
have been recoverable at that date or with a rebate of interest upon such
as were not then payable and did not bear interest; (2) due as costs
taxable against an involuntary bankrupt who was at the time of the
filing of the petition against him plaintiff in a cause of action which
would pass to the trustee and which the trustee declines to prosecute
after notice; (3) founded upon a claim for taxable costs incurred in good
faith by a creditor before the filing of the petition in an action to re-
cover a provable debt; (4) founded upon an open account, or upon a
contract express or implied; and (5) founded upon provable debts re-
duced to judgments after the filing of the petition and before the con-
sideration of the bankrupt's application for a discharge, less costs in-
curred and interests accrued after the filing of the petition and up to
the time of the entry of such judgments.

*b.* Unliquidated claims against the bankrupt may, pursuant to ap-

classes of liabilities, those in clauses 1, 2 and 3 are in terms described as existing at or before the filing of the petition. Clause 5 relates to liabilities "founded upon provable debts reduced to judgment after the filing of the petition," etc.; plainly meaning that they arose before its filing. Clause 4 describes simply debts that are "founded upon an open account, or upon a contract express or implied," not in terms referring to the time of the inception of the indebtedness. But, reading the whole of § 63, and considering it in connection with the spirit and purpose of the act, we deem it plain that the debts founded upon open account or upon contract, express or implied, that are provable under § 63a 4 include only such as existed at the time of the filing of the petition in bankruptcy. This court in effect adopted that construction when, in promulgating the General Orders and Forms in Bankruptcy, 1898, under the authority conferred by § 30, a form of discharge was prescribed (Forms in Bankruptcy, No. 59), by which it is ordered that the bankrupt "be discharged from all debts and claims which are made provable by said acts against his estate, and which existed on the     day of     , A. D.     , on which day the petition for adjudication was filed     him; excepting such debts as are by law excepted from the operation of a discharge in bankruptcy." And the forms prescribed for proof of debts all declare that the indebtedness existed "at and before the filing of the said petition." Forms 31 to 36, inclusive. The General Orders and Forms, etc., are to be found in 172 U. S., Appendix; 89 Fed. Rep., Preface; 32 C. C. A., Preface; 3 Foster's Fed. Pract. (4th ed.) 2526, 2559, 2572.

The view above expressed as to clause 4 of § 63a is the same that has been generally adopted in the Federal District Courts. *In re Burka,* 104 Fed. Rep. 326; *In re*

---

plication to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against his estate.

*Swift,* 112 Fed. Rep. 315, 321; *In re Adams,* 130 Fed. Rep. 381; *Colman Co.* v. *Withoft,* 195 Fed. 250, 252; and see *In re Roth & Appel,* 181 Fed. Rep. 667, 673.

And so, upon the whole matter, we conclude that under the present act an express promise to pay a provable debt is good although made after the filing of the petition and before discharge.

3. What has been said disposes at the same time of the contention that the promises set up in the two replications under consideration were discharged by the confirmation of the composition. As these obligations were entered into after the adjudication of bankruptcy, they were of course not provable under § 63; and only provable debts are discharged.

With respect to the money loaned to the bankrupt for use in paying the consideration of the composition, it is perhaps worth while to remark that § 12 of the act, in prescribing the time and mode of offering terms of composition, plainly contemplates that a composition in money may be offered, and expressly prescribes that an application for the confirmation of a composition may be made after, but not before, "the consideration to be paid by the bankrupt to his creditors, and the money necessary to pay all debts which have priority and the cost of the proceedings, have been deposited in such place as shall be designated by and subject to the order of the judge." And the same section provides that "upon the confirmation of a composition the consideration shall be distributed as the judge shall direct, and the case dismissed."

The act, of course, contemplates that the bankrupt may acquire the money required for the purposes of the composition by the use of his credit.

*Judgment affirmed.*