### In re THOMPSON.

(District Court, W. D. Washington, S. D.   September, 1918.)

BANKRUPTCY ⬤⟶320—CLAIMS PROVABLE—CONTINGENT CLAIM—SUBSCRIPTION FOR CORPORATE STOCK.

Where a corporation had made an assignment for benefit of creditors before the petition in bankruptcy was filed against a stockholder, the latter's liability for the difference between the amount of his stock subscription and the value of property transferred in payment thereof had ceased to be contingent, though not yet liquidated, since the corporate debts for which a subscription would be a trust fund were then capable of determination, and the receiver of the corporation can prove a claim for such liability against the bankrupt's estate.

In Bankruptcy. In the matter of the bankruptcy of Peter Thompson. On petition to review referee's order sustaining a demurrer to a claim. Order reversed, and demurrer overruled.

See, also, 242 Fed. 602.

Leopold M. Stern, of ·Seattle, Wash., for receiver.

W. W. Keyes, of Tacoma, Wash., for trustee.

CUSHMAN, District Judge. Proof of debt was offered on account of the unpaid stock subscription of the bankrupt in Peter Thompson Company, a corporation, as evidenced by an· order in the state court, making a call and assessment upon Peter Thompson

in the receivership proceeding, pending in that court, of Peter Thompson Company, a corporation.

The order shows that Peter Thompson appeared at the hearing, which consummated in the court's finding his stock subscription unpaid in that company to the amount of $8,500.00, for which the receiver of that company now makes claim against the bankrupt estate of Peter Thompson. No question is made of the method pursued in the state court in determining the question of liability on such stock subscription. The referee, upon demurrer of the trustee to the proof of debt, concluded:

> "That Thompson's contract for his subscription was complete, that his contract was fully executed, and that this claim must rest upon the judgment of a court declaring the contract of subscription not performed. When a claim must depend upon the action of a court for its very existence, as this does, the referee was of the opinion that it fell within the rule of contingent claims and was not provable against this estate. On the point that a claim must be owing at the date of adjudication or of filing the petition in bankruptcy, trustee's counsel cites Zavelo v. Reeves, 227 U. S. 627, 33 Sup. Ct. 365, 57 L. Ed. 676, Ann. Cas. 1914D, 664, 29 Am. Bankr. Rep. 493, which holds that the claims must be in existence at that time to be provable under section 63 (Act July 1, 1898, c. 541, 30 Stat. 562 [Comp. St. § 9647])."

The subscription of Peter Thompson for stock in the Peter Thompson Company, a corporation, prior to his bankruptcy, was the creation of a debt. Whether it was fully paid or not by the property which he turned over to the corporation was a question to be determined upon the liquidation of the claim on account of the stock subscription, and the only thing in the nature of a contingency involved would be the amount, if any, of the debts of the corporation, for the payment of which the stock subscription would be a trust fund. This, as shown by the referee's certificate, had ceased to be a contingency incapable of determination prior to Peter Thompson's going into bankruptcy—ceased by reason of the assignment for the benefit of creditors of Peter Thompson Company, a corporation, which assignment was, without interruption, followed by the receivership proceeding, all antedating the bankruptcy of Peter Thompson. It had ceased to be "contingent," in the sense of liable to occur, at the time of filing the petition. It had occurred, and already had come to pass, and all that was left was to determine that which had already occurred.

The referee is reversed, and the demurrer overruled.