## In re KAPLAN.
### No. 2860.

District Court, N. D. Texas, Dallas Division.
May 19, 1930.

Peyton A. Ellison and Hoyt A. Armstrong, both of Dallas, Tex., for the claim.

ATWELL, District Judge.

Oral argument not being desired by either party, the court has given careful consideration to the question presented, which is:

The bankrupt contracted to hold harmless Max Ohringer from any losses that might result on sales of Ohringer's goods made by the bankrupt.

On August 7, 1929, and on October 8, 1929, Kaplan sold goods to the Dixie Stores in Oklahoma. The aggregate sales were $2,541.74. The August invoices fixed the terms of the sale as payable in ten days with discount from the end of October, which would be about November 10th. The terms of the October sales provided payment within ten days from the end of that month, at 8 per cent. discount, if paid by November 10th.

On November 4th Kaplan filed a voluntary petition in bankruptcy upon which he was adjudicated on November 22d. An involuntary petition was filed against the Dixie Stores on December 26th, showing the indebtedness to Ohringer mentioned above, $2,541.74.

The referee declined to allow the Ohringer claim against the Kaplan estate on the ground that it was not "absolutely owing at the time of the filing of the petition against him." Section 63a(1), Bankruptcy Act, 11 USCA § 103(a)(1).

It cannot be contended that the bankrupt's contract to indemnify had ripened or become absolute at the time he filed his petition. That November 10th, the discount date, was prior to adjudication on November 22d, is immaterial.

That the bankruptcy of the Dixie Stores, on December 26th, made it evident that Kaplan's contract would mature during the period in which claims might be filed against his estate, is also immaterial. There was a difference of opinion among trial and appellate courts upon this particular phase of the question at one time, but the great weight of authority now is one way.

The case of Moch v. Market Street National Bank (C. C. A.) 107 F. 897, caused some confusion, but the swing is now definite to the position that provable debts are such liabilities as were fixed at the time of the bankruptcy in amount, or are susceptible of liquidation. Zavelo v. Reeves, 227 U. S. 625, 33 S. Ct. 365, 57 L. Ed. 676; Dunbar v. Dunbar, 190 U. S. 340, 23 S. Ct. 757, 47 L. Ed. 1084; Central Trust Co. v. Chicago Auditorium, 240 U. S. 581, 36 S. Ct. 412, 60 L. Ed. 811, L. R. A. 1917B, 580; First National Bank v. Elliott (C. C. A.) 19 F.(2d) 426; Bibb Mfg. Co. v. Pope (D. C.) 22 F. (2d) 557.

It would have been impossible on November 4th for one to have declared that the open accounts of the Dixie Stores, upon which even the discount date did not expire until the 10th of that month, would not be paid. Default in payment was necessary before Kaplan's obligation matured.

Proof of the claim was properly denied.