EVERETT C. STETSON *vs.* FRED PARKS.

Androscoggin.        Opinion, July 19, 1935.

*Franklin Fisher*, for plaintiff.
*Frank T. Powers*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

DUNN, J.   This case is presented on a report of agreed facts.

Plaintiff had made proof, and obtained the allowance of his claim against the estate of defendant, who had been adjudged a bankrupt under the Federal act of July 1, 1898. In the interim be-

tween adjudication and discharge, plaintiff withdrew his claim, confiding in the promise of defendant that, on his discharge, he would pay it in full.

Nothing imports a fraudulent agreement at the expense of other creditors. The equitable principle, that agreements induced by or based upon a secret arrangement with one or more favored creditors, are invalid, finds, on this record, no place for application. There is no suggestion of extortion, or attempted extortion, or of want of good faith.·

The question first to be decided is whether the debt was revived by the new promise which was made subsequent to the filing of the petition and before the discharge.

The case of *Zavelo* v. *Reeves*, 227 U. S., 625, 57 Law ed., 676, contains an admirable discussion of this subject. The facts, in substance, were that the plaintiff in error, being in bankruptcy, submitted an offer of compromise, which was accepted by his creditors; but, plaintiff in error was lacking funds requisite to purpose. He induced the defendants in error, listed creditors, whose debt would be affected, to lend him five hundred dollars, orally promising them that when the composition should be confirmed he would pay them their demand, less the amount of their share of the composition dividend. In a suit on the special promise, it was held good by parol.

The opinion says:

"It is settled, however, that a discharge, while releasing the bankrupt from legal liability to pay a debt that was provable in the bankruptcy, leaves him under a moral obligation that is sufficient to support a new promise to pay the debt. And in reason, as well as by the greater weight of authority, the date of the new promise is immaterial. The theory is that the discharge destroys the remedy, but not the indebtedness; that, generally speaking, it relates to the inception of the proceedings, and the transfer of the bankrupt's estate for the benefit of creditors takes effect as of the same time; that the bankrupt becomes a free man from the time to which the discharge relates, and is as competent to bind himself by a promise to pay an antecedent obligation, which otherwise would not be

actionable because of the discharge, as he is to enter into any new engagement."

In the case at bar, the defendant set up the Statute of Frauds. R. S., Chap. 123, Sec. 1, Cl. 6. One feature is that no action shall be maintained "upon any contract to pay a debt after a discharge therefrom under the bankrupt laws of the United States, . . ." unless the promise or contract on which action is brought, or some memorandum or note, "is in writing and signed by the party to be charged therewith, . . ."

The provision of the statute relates not to the validity of the contract, but to the remedy for a breach of it, and is constitutional. *Kingley* v. *Cousins,* 47 Me., 91.

This defendant signed nothing.

The statute is not restricted to revival, by a promise made after bankruptcy discharge, of a debt thereby barred, but is comprehensive also of a promise made during the pendency of proceedings, to waive the expected discharge.

Originally enacted in 1848, the provision read as follows:

"No action shall be brought and maintained upon any special contract or promise to pay a debt, from which the debtor has been discharged by proceedings under the bankrupt laws of the United States, . . . unless such contract or promise be made or contained in some writing, signed by the party chargeable thereby." Public Laws, 1848, chap. 52.

The act was, in essence, reenacted in 1857. R. S., (1857) Chap. 111, Sec. 1.

In the reenactment of 1871, these words are used:

"Upon any contract to pay a debt after a discharge therefrom under the bankrupt laws of the United States, . . ." R. S., (1871) Chap. 111, Sec. 1, Cl. 6.

The phrasing continues the same in all later revisions of the statute, the latest being that of 1930.

Plainly, the first statute, denying remedy in those instances where its provisions were not satisfied, had relation only to promises made after a discharge in bankruptcy had been duly granted.

In the revised statute of 1871, there is, as has before been noticed, significant change in phraseology. This, obviously, was for more inclusive protection against suits based on the theory that an express promise had revived the claim. The new promise, whether made after the discharge, or between the adjudication and the discharge, is within the Statute of Frauds.

Such is plain intention. Interpretation otherwise would force construction beyond perceptible meaning of language.

In *Corliss* v. *Shepherd*, 28 Me., 550, and *Otis* v. *Gazlin*, 31 Me., 564, the promise, recognized in both instances as open to proof, was made between the adjudication and the discharge, under the United States bankruptcy act of 1841. These actions having been commenced before the enactment, in 1848, by way of amendment, to the local Statute of Frauds, of the requirement that the promise be in writing, that statute was inapplicable. *Spooner* v. *Russell*, 30 Me., 454; *Otis* v. *Gazlin*, supra.

The defense of the statute is well taken.

The case will be remanded for the entry of

*Judgment for defendant.*