## KRAMER-BRANDEIS, Inc v CRAWFORD et

Ohio Appeals, 9th Dist, Lorain Co

No 314. Decided May 4, 1937

Hyman & Hyman, Elyria, for appellant.
D. B. Symons, Elyria, for appellee.

## OPINION

By DOYLE, J.

This is an appeal on questions of law from the Court of Common Pleas of Lorain County.

It appears that a receiver was appointed in the said Court of Common Pleas for one George H. Crawford, with instructions to liquidate his assets; and that among the various claims presented to the said receiver was one of appellee's. The sole question for determination is whether this claim should be allowed as a general claim, to be paid pro rata out of the assets of the receivership.

The record reveals that, some three years prior to the present receivership, George H. Crawford was adjudged a bankrupt by the United States District Court of the Northern District, Eastern Division of Ohio. In that proceeding he consummated a composition with his creditors. Among the claims listed in the bankruptcy proceeding was the instant one filed with the receiver—which claim was due and owing prior to the said composition. In said bankruptcy proceeding the claimant herein, Helena B. Crawford, approved and acquiesced in the composition, specifically waived the deposit of her distributive share, and received nothing in payment of her claim.

The record further discloses that prior to the bankruptcy proceedings the claimant had loaned her son sums of money to carry on his business; that, after the bankruptcy proceeding was instituted and her claim was filed, she again loaned him sufficient money to affect the composition, and in addition thereto, as stated before, specifically waived the deposit of her distributive share.

During the negotiation between the mother and son for the last loan, and afterwards, various statements were made by each of them concerning repayment of all moneys owing from the son to the mother; these conversations and the circumstances surrounding the same must necessarily form the basis for the judgment in this action. It is only the claim for the money loaned prior to the bankruptcy which is in controversy herein.

The law is well settled that a debt barred by a discharge in bankruptcy may be revived by a new promise to pay, and that a bankrupt may rightfully at any time between the filing of his petition and his discharge promise to pay a creditor in full, and such promise is enforceable.

Zavolo v Reeves, 227 U. S. 625.

Mayer v Price, 250 N. Y. 370, 165 NE 814.

The traditional theory in support of the rule has been that "inasmuch as a discharge in bankruptcy merely affords a complete legal defense to the enforceability of a provable claim, without extinguishing the debt itself, a new promise to pay the debt is supported by the moral obligation of the old debt."

Note to §530 of Bankruptcy in 6 Am. Jur., referring to 40 A.L.R. 1446.

And this is true even though the discharge in bankruptcy is had after a compromise assented to by the creditors. The discharge is one by operation of law, and not necessarily "one effected solely by the voluntary assent of the creditors, whereby the obligation to pay the debt, both legal and moral, is wiped out."

6 Am. Jur., Bankruptcy, §484.

The argument is made in the instant case that there is no evidence in the record of an unconditional, distinct and unequivocal promise to pay; that whatever promise was made was conditional upon the happening of a certain event, and that that event failed to materialize.

It is true that, in cases in which a claimed promise to pay a debt discharged in bankruptcy is not supported by any consideration other than a moral obligation, the general rule is that the law requires the promise to be express, distinct and unequivocal. If, however, the claimed promise is supported by a valuable consideration received by the promisor, all that is required is a meeting of the minds of the parties, the same as is required in the making of any simple contract. And, if the evidence in support thereof, taking into consideration all of the circumstances surrounding the parties, and their conversation, is sufficient from which to draw a reasonable inference that a contract existed between them by tacit understanding, and that each party understood that he sustained to the other a contractual relation, the proof is sufficient. Such we find to be the fact in this case.

The other errors concerning which complaint is made we hold not to have been prejudicial.

The judgment is affirmed.

STEVENS, PJ, and WASHBURN, J, concur in judgment.