Joseph ZABELLA, Plaintiff-Appellant,

v.

John PAKEL, Defendant-Appellee.

No. 11880.

United States Court of Appeals
Seventh Circuit.

March 26, 1957.

Jerome A. Frazel, Jr., Leonel I. Hatch, Jr., Chicago, Ill., for appellant.

Robert J. Burdett, John F. O'Toole, Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and SWAIM and SCHNACKENBERG, Circuit Judges.

DUFFY, Chief Judge.

On September 1, 1931, defendant executed a cognovit promissory note for $4,577.00 payable to plaintiff one year after date. The note was not paid at maturity. Defendant was discharged in bankruptcy in 1937, and plaintiff and the indebtedness were listed in the petition.

Action on the note was commenced on September 15, 1954. A judgment by confession was entered on September 17, 1954. After execution issued, defendant filed a petition to vacate the judgment by confession, alleging that action on the note was barred by the statute of limitations, and by the discharge in bankruptcy. The District Court vacated the judgment and granted plaintiff leave to reply. In his reply plaintiff alleged that during 1952, defendant had promised and agreed to pay the amount claimed, and that this promise revived the debt. Demand for a jury trial was filed by plaintiff. Thereafter, by amendment to the reply, plaintiff alleged that in addition to the promise made by defendant in 1952, the defendant made a partial payment of the indebtedness by delivering deeds for certain real estate to plaintiff. An amendment to the complaint was also filed setting up two counts, the first asserting a cause of action on the note, and the second stating, according to plaintiff, a cause of action on simple debt. Defendant requested that his petition stand as his answer to the complaint. Thereafter, defendant filed a motion for summary judgment, which was denied by the Court.

The cause was submitted to a jury which returned a verdict favorable to plaintiff in the sum of $10,494.00. On April 30, 1956, the District Court denied defendant's motions for a directed verdict and for judgment notwithstanding the verdict. However, on June 4, 1956, this order was vacated and the Court entered an order directing a verdict for the defendant, and for judgment notwithstanding the verdict. The Court also granted the motion for a new trial in the event that the order of the court for judgment notwithstanding the verdict should be reversed upon appeal.

Defendant Pakel is President and Manager of the Chicago Savings and Loan Association. In the 1920s he was a contractor. For a time during that period, Zabella worked for him as a carpenter. From time to time defendant borrowed money from plaintiff. None of it was repaid, but defendant executed new notes for the amounts due plus interest. The note given on September 1, 1931 for $4,577.00 and which is the subject of this suit, included amounts due on previous notes and was the last note received by plaintiff from defendant.

Under date of December 28, 1929 defendant and his wife executed three warranty deeds in which plaintiff and his wife were named as grantees. Two of the conveyances covered vacant lots. The third deed covered property where defendant resided. Each of these conveyances was sent or brought to the Recorder's office of Cook County and was recorded on December 30, 1929. A notation on each deed shows that it was returned to the defendant.

The plaintiff testified he knew nothing of these deeds until 1952. In that year, one Gaw desired to purchase a vacant lot which was described in one of the deeds from Pakel to plaintiff. Gaw first contacted defendant who gave him a lead as to where plaintiff was residing in the State of Indiana. Gaw wrote to plaintiff telling him he desired to purchase the property. Plaintiff then came to Chicago to see Pakel to ascertain why Gaw had written to him. Plaintiff testified Pakel told him he had some property in plaintiff's name, and he took a deed from his desk and gave it to plaintiff. He told plaintiff that all he had to do was to sign a deed to Gaw. Plaintiff and Gaw agreed to a sales price of $200.00. Apparently there was a large accumulation of taxes on the lot. Gaw made out

a check for $200.00 payable to plaintiff and left this check with the defendant who turned it over to plaintiff. Defendant suggested that plaintiff "come back and see me again. I have some more property in your name." Plaintiff testified that two months later he visited Pakel again, at which time Pakel had a large number of deeds and papers in a desk drawer. He picked out two deeds and gave them to plaintiff, telling him to see if he could get anything out of them.

■ Defendant denied the conversation described by plaintiff in his testimony. Defendant also denied keeping possession of any of the deeds for any period more than a year after receiving them back from the Recorder's office. However, in view of the verdict of the jury, where the evidence is conflicting we must consider that evidence which is most favorable to plaintiff.

■ Defendant's discharge in bankruptcy would be a bar to recovery by suit on the note or the debt unless defendant made a new promise to pay same. The moral obligation which defendant had to pay his debts would be a sufficient consideration. In Zavelo v. Reeves, 227 U.S. 625, 629, 33 S.Ct. 365, 367, 57 L.Ed. 676, the court said: "It is settled, however, that a discharge, while releasing the bankrupt from legal liability to pay a debt that was provable in the bankruptcy, leaves him under a moral obligation that is sufficient to support a new promise to pay the debt." This rule is applicable in Illinois as is shown by Wright v. Stinger, 269 Ill.App. 224, at page 231, where the court said: "A subsequent promise to pay a note barred by a discharge in bankruptcy removes the bar created by the discharge and renders it competent evidence under the common counts as an original cause of action. The promise after discharge need not be based on any new consideration and is not necessary to be in writing. * * *"

The situation as to a new promise to pay is different when considering the bar of the statute of limitations. Chap. 83, Ill.Rev.Stat.1955, § 17 reads as follows:

"Actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing, shall be commenced within ten years next after the cause of action accrued; but if any payment or new promise to pay shall have been made, in writing, on any bond, note, bill, lease, contract, or other written evidence of indebtedness, within or after the said period of ten years, then an action may be commenced thereon at any time within ten years after the time of such payment or promise to pay." Thus, any new promise to pay the note must be in writing. Plaintiff admits there was no written promise by defendant.

Plaintiff seeks to avoid this dilemma by saying that although Count 1 is an action on the note, Count 2 is an action on simple debt. He claims he pleaded in the alternative which is permitted by the Federal Rules. Rule 8(e) (2), Federal Rules of Civil Procedure, 28 U.S. C.A. Because of the unusual nature of the pleadings, a careful analysis must be made as to just what plaintiff did plead.

Count 1 refers only to the note. Paragraph 1 contains the allegations as to diversity; paragraph 2 alleges the details of the note; paragraph 3 refers to Exhibit A, a copy of the note; paragraph 4 alleges a default in the payment of said note; and paragraph 5 alleges the principal amount due plus interest at 6% as provided by the note and asks for attorney fees.

Count 2 incorporates paragraphs 1, 2 and 3, of Count 1. Paragraph 4 of Count 2 alleges the principal sum due with interest at 6% "for money lent by plaintiff to defendant" on September 1, 1931, the date of the note. Paragraph 5 of Count 2 states defendant orally promised to pay "said indebtedness" in 1952, and on numerous other occasions; paragraph 6 alleges that "defendant made partial payment of said indebtedness" in 1952. Paragraph 7 of Count 2 adopts by reference paragraph 5 of Count 1, which alleges there was due "upon said note" $4,577.00 principal, plus interest at 6%. After the close

of all the proofs, plaintiff amended Paragraph 5 to allege the amount due upon the "simple debt" of $4,577.00 with interest at 5%. It can readily be seen that Count 2 is a hybrid. It is based primarily upon the note and the note is specifically pleaded and is incorporated into that count. The only promise alleged creating the debt is the promise contained in the note.

 The District Court was correct in submitting to the jury only the issue as to the note. The obligation sued on was that created by the note. Any parol contract between the parties prior to the date of the note was merged into that written instrument. There is no claim by plaintiff of any subsequent oral contract except as to the alleged new promise to pay.

Plaintiff was in a difficult and somewhat anomalous position in endeavoring to maintain this suit. An oral promise to pay the debt might avoid the effect of a discharge in bankruptcy but would not remove the bar of the statute of limitations. On the other hand, a part payment would not remove the bar of the discharge in bankruptcy but might remove the case from the statute of limitations. The reason why a less or different proof is required in one than the other is due to the wording of the Illinois Statutes.

We hold the transactions in 1952 were not sufficient to show defendant made a part payment upon the note under circumstances from which a new promise to pay the balance could be inferred. Of course, the jury was justified in thinking that defendant who then was in a position of some affluence and was the Chief Executive Officer of the Chicago Savings and Loan Association should feel obligated to pay an honest debt to his old friend, employee and countryman. Nevertheless, we are obliged to follow the law of Illinois. The strongest version of any alleged promise of defendant in 1952 is contained in the testimony of the plaintiff as follows: "I asked him if he could pay me any money on that note, and he says,

'Not right now I can't.' He says he just working and has salary. If some extra he will have it and he will pay." This suggestion that payments would be made under certain vague conditions that might obtain in the future were not a sufficient basis for the jury's verdict favorable to the plaintiff.

Plaintiff thus failed to maintain his claim in three respects. First, assuming the jury was justified in believing that in 1952, defendant actually handed over to plaintiff the deed which had been executed and recorded in 1929, there was no sufficient showing that this was done as part payment on the note which would remove the bar of the discharge in bankruptcy. Secondly, there is no written promise to pay the note which would be required to lift the bar of the statute of limitations as to that instrument. Thirdly, indulging in the rather violent assumption that Count 2 sets forth a claim based upon a simple debt, there was no sufficient proof of an oral promise in 1952, or at any other time, to pay that debt.

Judgment
Affirmed.