John B. Garrett, Jr., and Helen M. Garrett, Petitioners, v. Commissioner of Internal Revenue, Respondent.

Docket No. 86306. Filed November 2, 1962.

*Thomas V. Kenny, Esq.*, for the petitioners.
*Ronald S. Schacht, Esq.*, for the respondent.

317

OPINION.

Opper, *Judge:* Unlike the taxpayers in *Haywood P. Martin,* 38 T.C. 188 (1962), the present petitioners were under no compulsion to make the loan to the contractor, which is the subject of their claim. While in both cases the debt may have been worthless when created, the *Martin* case (at page 192) contains the following statement:

Therefore, the creation of a debtor-creditor relationship as between the owner of the property and the original obligor of the claims as a result of subrogation was involuntary, and consequently the worthlessness of the debts at the time they were thus created[2] is irrelevant in considering their deductibility. [Footnote omitted.]

Having found, as we have, that the debts were worthless when created, there is no significance to the debtor's subsequent bankruptcy. In *Caroline D. Thompson,* 22 T.C. 507, 514 (1954), we quoted with approval from *American Cigar Co.* v. *Commissioner,* 66 F. 2d 425, 427 (C.A. 2, 1933), affirming 21 B.T.A. 464 (1930), certiorari denied 290 U.S. 699:

The taxpayer takes the position that the notes taken on account of the advances were ascertained to be worthless at the very time the advances were made. The Board has found as a fact that petitioner made the advances fully believing that the obligations they created were worthless and uncollectible, and there is evidence to support such a finding. * * * Such advances, made with the belief they would not be repaid * * * are not deductible as bad debts.

Petitioners here, moreover, were not, as in the *Martin* case, subrogated to the obligations of any third persons. When they made the payments to the builder, they did so solely for the purpose of permitting him to complete their personal residence. Treating them as a loan and obtaining the builder's promise to repay was no more than a superfluous bit of meaningless decoration.

But in the event that the debts were not uncollectible when acquired, there is no evidence that they ever became totally worthless. They are apparently still the liability of the builder and were not discharged by his bankruptcy. 11 U.S.C. sec. 35(a)(3) (1958 ed.). And his subsequent acknowledgment of the debt may well have been a waiver of any effect that the bankruptcy could otherwise have had. *Zavelo* v. *Reeves,* 227 U.S. 625, 629 (1913).

We conclude that all that petitioners did was to make an investment in their personal residence in excess of the amount they originally anticipated. This may have been an unfortunate result but it can be taken into account, if at all, only at the time when the capital transaction to which it gave rise is finally closed out.

*Decision will be entered for the respondent.*