LANDRY, Judge.
Defendant, Paul S. Nash, appeals the judgment of the trial court awarding plaintiff Credithrift judgment in the sum of $302.00, with interest and attorney’s fees, on a note notwithstanding appellant’s prior dis *309 charge from the obligation pursuant to an adjudication in bankruptcy.
The issues on appeal are twofold, namely, did appellant properly establish his alleged discharge in bankruptcy and if so, did appellee prove a binding promise to pay subsequent to institution of bankruptcy proceedings by appellant? The trial court found that appellant did in fact acknowledge and agree to pay the obligation after his discharge in bankruptcy. We affirm.
On September 30, 1968, appellant renegotiated an existing note held by ap-pellee by signing a new note in the sum of $480.00. As security therefor, appellant executed a chattel mortgage on numerous items of household furniture which were then situated in the residence of appellant’s foster mother. Payments by appellant reduced the principal of the note to $302.00, which balance was due when appellant instituted bankruptcy proceedings in early 1970. Appellee’s claim was listed in the bankruptcy proceedings by appellant as one of appellant’s provable debts. A discharge in bankruptcy was granted appellant on June 26, 1970.
Defendant’s answer in substance asserts the discharge in bankruptcy as a bar to plaintiff’s collection on the note. Defendant did not, however, offer in evidence a copy of the discharge. Defendant merely gave oral testimony regarding the bankruptcy proceedings.
On appeal, plaintiff, relying on Excel Finance Camp, Inc. v. Autin, La.App., 177 So.2d 662, maintains the defense of discharge in bankruptcy should be disregarded because appellant failed to establish his discharge by documentary evidence. In this connection, it appears that the record is devoid of written proof of discharge or the listing of plaintiff’s claim as one of defendant’s provable debts. We deem it unnecessary to pass on this contention inasmuch as we find that if the obligation were discharged in bankruptcy as claimed by appellant, the record establishes appellant’s subsequent reaffirmation of the debt and express promise to pay.
The following pertinent law was pronounced in Zavelo v. Reeves, 227 U.S. 625, 33 S.Ct. 365, 57 L.Ed. 676:
“It is well settled, however, that a discharge while releasing the bankrupt from legal liability to pay a debt that was provable in bankruptcy, leaves him under a moral obligation that is sufficient to support a new promise to pay the debt. And in reason, as well as by great weight of authority, the date of the new promise is immaterial . . . and so, under other bankrupt acts, it has been commonly held that a promise to pay a provable debt, notwithstanding the discharge, is as effectual when made after the filing of the petition and before the discharge as if it is made after the discharge.
Our own jurisprudence holds to the same effect, namely, that to be binding a promise to pay a debt discharged in bankruptcy must consist of a specific, direct and definite acknowledgment of the obligation accompanied by an express promise to pay at a definite time. A mere acknowledgment of the debt coupled with an expressed intent to pay at some indefinite time, does not render the remaining moral obligation enforceable. Securities Finance Company v. Washington, La.App., 195 So.2d 733, and authorities therein cited.
Appellant, relying primarily upon Securities Finance Company, Inc. v. Marbury, La.App., 180 So.2d 737, contends the present record contains no evidence of a binding promise to pay subsequent to institution of the bankruptcy proceeding.
It is obvious that in resolving an issue of this nature, each case must be determined in the light of its own peculiar facts and circumstances.
Appellee’s former manager, R. Edward Coulter, testified in essence that upon the date of defendant’s discharge in bankruptcy, he, Coulter, was present in the bankruptcy *310 court representing plaintiff. He stated that upon completion of the hearing, he accompanied appellant outside in the hall where appellant advised that appellant wished to keep the furniture. Coulter also stated that appellant told him that appellant had other bills to pay, and that if Coulter would hold the matter in abeyance and not seize the furniture, defendant would retain the furniture and commence payments on the note the ensuing September. He stated in substance that based on these assurances and representations, he agreed to withhold action on the account at that time. Coulter further testified in effect that when defendant defaulted in September, an effort was made amicably to repossess the mortgaged furniture, but defendant declined to surrender possession of such portion of the mortgaged property that remained.
Appellant concedes the accuracy of Coulter’s version of the circumstances attending appellant’s promise to pay the obligation. In this regard, appellant gave the following testimony:
“Q You agreed didn’t you, Mr. Nash, to continue to make payments on this account after the bankruptcy?
A In September, yes sir.
Q You agreed to commence payments beginning in September of 19 .
A I told the man yes, sir.
Q 1970, is that right?
A September, the following, the May 27th, whatever the date was of the bankruptcy.
Q I see. But you agreed at the time to make the payments, didn’t you?
A Verbal agreement. Yes, sir.
Q And did you agree at that time to continue to make your payments? Is that right?
A I would make some arrangements with him on the loan.
Q Didn’t you in fact agree, Mr. Nash, to begin to make payments in September of 1970 to Credithrift on this account ?
A Yes sir, I did.”
From the foregoing, we conclude that in return' for plaintiff’s forbearance in executing its chattel mortgage, appellant expressly acknowledged the debt and specifically agreed to pay the obligation at a definite fixed time. Such acknowledgment and promise to pay rendered the obligation enforceable.
The judgment of the trial court is affirmed at appellant’s cost.
Affirmed.