**In the Matter of Arthur Eugene MAGARY, Debtor.**

**Arthur Eugene MAGARY, Plaintiff,**

v.

**June ALLORE, Defendant.**

**Bankruptcy No. 78–533 Orl BK AP.**

United States Bankruptcy Court, M. D. Florida, Orlando Division.

July 12, 1982.

Eric R. Jones, Melbourne, Fla., for plaintiff.

Edward J. Richardson, Melbourne, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an Act case and the matter under consideration is a counterclaim filed by the Defendant, June Allore, in the above-captioned adversary proceeding. By way of the Counterclaim, the Defendant seeks leave from this Court to pursue a previously filed civil action in the Circuit Court in and for Brevard County, Florida, Case No. 80–6494–CA–F. The facts upon which this matter can be resolved are without dispute and can be summarized as follows:

In September of 1977, the Debtor and his wife borrowed $6,000 from the Defendant, who is the wife's sister, and signed a promissory note for that amount plus interest at 9¾%. In August of 1978, the Debtor filed his petition in bankruptcy and named the Defendant as a creditor. Prior to the filing, the Debtor told the Defendant of his intent to file bankruptcy, but reassured her that he would continue paying on the debt regardless of the bankruptcy proceeding. In keeping with that reassurance, the Debtor did in fact make payments to her from September of 1978 until November of 1977, during the pendency of his bankruptcy proceeding. In November of 1979, the Debtor discontinued payments. Sometime during this period, the Debtor and his wife divorced.

In October of 1980, on the basis of this alleged reaffirmation of the debt and breach thereof, the Defendant brought suit for collection of the debt in the Circuit Court in and for Brevard County, Florida. The Debtor then filed a Complaint for Enforcement of Discharge in this Court seeking an order enjoining the Defendant from further action to collect the debt, and finding the Defendant in contempt. The Defendant answered and counterclaimed. A final judgment was entered on the Complaint enjoining further action by the Defendant and finding her in contempt of violating the permanent injunction imposed by § 14(f) of the Bankruptcy Act. This left for consideration the Defendant's counterclaim.

The Debtor contends that if there was, in fact, a reaffirmation, it was only oral and, therefore, unenforceable. Furthermore, he claims it unenforceable for lack of consideration. The Defendant, of course, contends that the new promise is enforceable although oral and that no new consideration is required.

The Bankruptcy Act did not provide for revival or reaffirmation of debts discharged in bankruptcy, nor did it deal with the effect of a reaffirmation. Accordingly, the validity and enforcement of reaffirmations are governed by the applicable state law. The majority of states hold that a discharged debt may be revived by a new promise. 1A *Collier on Bankruptcy*, ¶ 17.33 (14th ed. 1981).

It is well settled that a discharge destroys only the remedies normally available to a creditor, but does not cancel the debt. *Zavelo v. Reeves*, 227 U.S. 625, 33 S.Ct. 365, 57 L.Ed. 676 (1913). On this basis, most states, including Florida do not require new additional consideration to support the reaffirmation. As the Florida Supreme Court stated in *Silva v. Robinson*, 115 Fla. 830, 156 So. 280 (1934), "The obligation being a continuing one, the consideration continues with it, and just so long as the moral obligation exists the obligation is a sufficient consideration for a new promise. If, therefore, a new promise to pay a discharged debt is made, the defense of want of consideration cannot exist."

Florida also follows the majority, recognizing that the new promise may be made orally and a writing is not necessary. *Silva, supra*; 1A *Collier on Bankruptcy*, ¶ 17.35 at 1759 (14th ed. 1981).

The only question remaining is whether the Debtor did in fact reaffirm the debt to the Defendant. The Debtor admits that he told the Defendant "not to worry" and that he would continue paying the debt regardless of the bankruptcy proceeding and discharge. The Debtor's ex-wife and

the Defendant both testified that the Debtor met with the Defendant several times and orally reaffirmed the debt subsequent to the commencement of these proceedings. Although the Debtor denies this, he admits that he continued the payments to the Defendant for over a year, totalling more than $1,000. Furthermore, the Defendant claims that she filed no claim against the Debtor's estate in reliance on that alleged promise. However, to be enforceable, the new promise must be express, distinct and unambiguous. *Allen v. Ferguson*, 85 U.S. (18 Wall.) 1, 21 L.Ed. 854 (1874). Mere acknowledgement of the debt is not sufficient to revive it after discharge, nor is an expression of hope or expectation of later payment. Even partial payment of the debt does not create an enforceable reaffirmation or operate as a new promise. *Allen, supra.* This is not changed by the fact that the creditor neglected to file a claim against the Debtor's estate, even if she so acted in reliance on the Debtor's communications or his suggestion. See *Collier, supra* at ¶ 17.34. In light of these principles, the Court is satisfied that the Debtor's comments or reassurances were less than what is required to revive the discharged debt and did not operate as a reaffirmation. Therefore, the debt remains discharged and unenforceable by the Defendant.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DECREED that final judgment on the Defendant's Counterclaim be, and the same hereby is, entered in favor of the Plaintiff and against the Defendant, and the Counterclaim be, and the same hereby is, dismissed.